**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5047

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

BRIAN DARNELL HENDERSON, a/k/a B,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:07-cr-00023-RLV-DCK-2)

Submitted:  March 17, 2010        Decided:  May 26, 2010

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence W. Hewitt, Justin N. Davis, GUTHRIE, DAVIS, HENDERSON & STATON, P.L.L.C., Charlotte, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brian Darnell Henderson of conspiracy to distribute and possess with intent to distribute at least fifty grams of crack cocaine and five kilograms of cocaine, possession with intent to distribute at least fifty grams of crack, use and carry of a firearm during a drug trafficking crime and possession of a firearm after having been convicted of a felony. The district court sentenced Henderson to a total of life plus sixty months. On appeal, Henderson's counsel challenges the district court's denial of the motion to suppress and the court's evidentiary ruling concerning audio recordings. Counsel has filed motions seeking leave for Henderson to file pro se supplemental briefs. We grant the motions.[1] Finding no reversible error, we affirm.

Henderson asserts that the affidavit supporting the search warrant was defective because it included no information to corroborate the confidential informant's reliability. Henderson also asserts that the good-faith exception articulated in United States v. Leon, 468 U.S. 897 (1984), did not apply

---

[1] In his pro se supplemental briefs, Henderson asserts that the indictment is insufficient because it did not charge drug quantity. He also challenges his life sentence on the ground that the predicate offenses used to statutorily enhance his sentence were not felonies. We have carefully considered these claims and find them to be without merit.

because the magistrate acted as a rubber stamp, the affidavit contained only "bare bones" allegations, the warrant was facially deficient, and the recitation of the affiant's experience did not cure the defects.

We review the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, this court reviews the evidence in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009). We give due regard to the district court's opportunity to judge the credibility of witnesses "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 1312 (2009).

In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); see United States v. Chandia, 514 F.3d 365, 373-74 (4th Cir. 2008) (noting that magistrate's probable cause determination is entitled to

3

"great deference").  "When reviewing [de novo] the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant."  United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996).  The judge reviewing the warrant application is required "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238.

With these standards in mind, we have reviewed the record on appeal and conclude the district court did not err in finding that, under the totality of the circumstances, the affidavit was sufficient to support a finding of probable cause to search Henderson's residence.  Additionally, we find that, even assuming the affidavit was deficient, the district court correctly concluded that the good-faith exception to the exclusionary rule applied to the search of the residence.  See United States v. Andrews, 577 F.3d 231, 236 (4th Cir.) (discussing Leon), cert. denied, 130 S. Ct. 1031 (2009).  The district court therefore properly denied Henderson's suppression motion.

Next, Henderson asserts that the district court erred by admitting audio recordings of his conversations with a

4

confidential informant and a co-conspirator, neither of whom was available for cross-examination at trial.[2] Although Henderson relies on the Supreme Court's decision in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2532 (2009), as support for his claim, we find that his reliance is misplaced. The recorded statements were not offered for the truth of the matter asserted, but rather to provide a context for Henderson's statements. Our review of the trial transcript leads us to conclude that the district court did not err in admitting the tape-recorded conversations. See United States v. Watson, 525 F.3d 583, 589 (7th Cir. 2008) ("A statement unwittingly made to a confidential informant and recorded by the government is not 'testimonial' for Confrontation Clause purposes.") (collecting cases adopting rule), cert. denied, 129 S. Ct. 972 (2009). Moreover, the district court gave extensive limiting instructions to the jury regarding the purposes for which the

---

[2] Although Henderson also mentions that the district court erred by precluding him from impeaching the non-testifying informant and co-conspirator, he does not further develop that argument, as required by Fed. R. App. P. 28(a)(9). We therefore conclude that he has abandoned that claim on appeal. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (finding conclusory single sentence in brief "insufficient to raise on appeal merits-based challenge to the district court's ruling"); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal.").

recordings could be considered, and this court presumes the jury followed the court's instructions. See United States v. Johnson, 587 F.3d 625, 631 (4th Cir. 2009). Henderson therefore is not entitled to relief on this claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6