**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4399**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

BRIAN DARNELL HENDERSON, a/k/a B,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00023-RLV-DCK-2)

Submitted: October 30, 2015　　　Decided: November 20, 2015

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brian Darnell Henderson of (1) conspiracy to possess with intent to distribute at least 50 grams of cocaine base and at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (2012) (Count 1); (2) possession with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a) (2012) (Count 3); (3) using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Count 4); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006) (Count 5). The district court imposed life sentences on Count 1 and 3, a concurrent 120-month sentence on Count 5, and a consecutive mandatory minimum sentence of 60 months on Count 4. On appeal, we affirmed Henderson's conviction and sentence. United States v. Henderson, 380 F. App'x 295, 296-97 (4th Cir. 2010) (No. 08-5047).

Subsequent to Henderson's first appeal, we decided United States v. Simmons, holding that a prior conviction qualifies as a felony for sentencing enhancement purposes only if the prior conviction actually exposed that defendant to a term of imprisonment exceeding one year. 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc). Henderson filed a 28 U.S.C. § 2255 (2012) motion, seeking relief pursuant to Simmons. The district court

2

granted Henderson relief under Simmons by vacating his conviction in Count 5 and ordering resentencing. At resentencing the district court imposed concurrent terms of 188 months on Count 1 and 3, to be served consecutive to the mandatory minimum term of 60 months on Count 4.

On appeal, Henderson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issue for appeal, but questioning whether (1) the district court erred in determining the drug weight attributable to Henderson at sentencing; (2) the district court erred in denying Henderson's motion to suppress; (3) the question of drug weight for sentencing purposes needed to be submitted to a jury under Alleyne v. United States, 133 S. Ct. 2151 (2013); and (4) Henderson's sentence is substantively unreasonable in light of the sentences his coconspirators received. Henderson has filed a pro se supplemental brief, raising several issues identified by counsel, as well as asserting that the district court's instruction to the jury on Count 4 constructively amended the indictment. We affirm in part and dismiss in part.

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). When determining drug quantity

3

attributable to a defendant, "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S. Sentencing Guidelines Manual, § 2D1.1 cmt. n.5 (2013). While a district court may rely on witness testimony to approximate drug quantity, "when the approximation is based only upon uncertain witness estimates, district courts should sentence at the low end of the range to which the witness[] testified." Bell, 667 F.3d at 441 (internal quotation marks omitted).

As Henderson did not object to the drug quantity determination at resentencing, we review his argument on appeal for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). To satisfy the plain error standard, Henderson must show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 731-32, 735-36 (1993).

Under the applicable version of the U.S. Sentencing Guidelines Manual, a base offense level of 34 was appropriate if the combined marihuana equivalency of the drugs attributable to Henderson was "[a]t least 3,000 KG but less than 10,000 KG." USSG § 2D1.1(c)(3) (drug quantity table). Even discounting testimony disputed by Henderson and relying on the drug

4

quantities stipulated to by the Government with respect to the execution of a search warrant on July 31, 2006, the record contains sufficient evidence to support the conclusion that Henderson possessed an amount of powder cocaine and cocaine base with a marihuana equivalence of at least 3000 KG. See § 2D1.1 cmt. n.8. Accordingly, we conclude that Henderson has not shown any error that affected his substantive rights.

Henderson's claim regarding his motion to suppress is foreclosed by the law of the case. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Lentz, 524 F.3d 501, 528 (4th Cir. 2008) (internal quotation marks omitted). The doctrine applies to both subsequent proceedings in the trial court and on a later appeal. Id. We addressed and rejected Henderson's challenge to the district court's denial of his motion to suppress on his initial appeal, Henderson, 380 F. App'x at 296-97, and we are bound by that ruling.

Next, Henderson argues that the district court's drug quantity determination at sentencing was invalid because it was not submitted to a jury pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013). We reject this argument. The district court's drug quantity determination merely controlled Henderson's Sentencing Guidelines range, and did not alter the

statutory minimum sentenced he faced.  See id. at 2163 (acknowledging that Alleyne's holding "does not mean that any fact that influences judicial discretion must be found by a jury").

We review the substantive reasonableness of Henderson's sentence for plain error.  Olano, 507 U.S. at 731-32, 735-36. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence imposed falls within or below the properly-calculated Guidelines range, we apply a presumption of reasonableness.  United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).  Henderson has not rebutted that presumption, and we conclude that the sentence imposed by the district court is substantively reasonable.

Turning to the final issue raised by Henderson, his challenge to a jury instruction, an issue not raised on an initial appeal is waived, Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007), and not subject to review on a second appeal.  Cf. Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc., 974 F.2d 502, 505 (4th Cir. 1992).  Accordingly, we dismiss Henderson's appeal with respect to his claim that the district court's instruction to the jury on Count 4 constructively amended his indictment.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

6

appeal. We therefore affirm Henderson's conviction and sentence and dismiss his appeal with respect to his challenge regarding the district court's jury instruction. This court requires that counsel inform Henderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Henderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Henderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
